## Lower Province Live Stock Insurance Association, Plff. in Err., *v.* James R. Weikel.

Where an assignment of error specified the refusal of the court to enter judgment in favor of the defendant on a point reserved, and it appeared that no exception was taken to the judgment on the point reserved, the assignment of error will not be sustained.

(Argued February 2, 1888. Decided March 19, 1888.)

January Term, 1888, No. 179, E. D., before GORDON, Ch. J., PAXSON, STERRETT, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Montgomery County to review a judgment in favor of the plaintiff on an appeal from a justice of the peace. Affirmed.

This action was brought by James R. Weikel against the Lower Providence Live Stock Insurance Association to recover the insured value of a mare that was injured by an accident, rendered worthless, and subsequently killed.

The court reserved the question of the necessity of notice to the defendant of the death of the mare, and subsequently entered judgment for the plaintiff on the point reserved.

NOTE.—It is necessary that an exception be taken to the entry of a judgment on a reserved point, or a review cannot be had in the appellate court. Yard v. Pancoast, 108 Pa. 384; Central Bank v. Earley, 113 Pa. 477, 6 Atl. 236. The same is true when the judgment is entered *non obstante veredicto.* Northumberland County Bank v. Eyer, 60 Pa. 436; Miller v. Hershey, 59 Pa. 64.

The assignments of error were as follows:

1. The court erred in overruling the motion of the defendant below for a nonsuit.

2. The court erred in not entering judgment in favor of the defendant below on the point reserved. *Non obstante veredicto.*

3. The court erred in ruling that no notice by the plaintiff below to the defendant association, its president or vice president, of the death and loss of the mare insured, was required under the charter and by-laws of the association, and that notice of the injury alone was sufficient, and in directing judgment to be entered in favor of the plaintiff on the question reserved.

*J. A. Strassburger* and *Theo. W. Bean* for plaintiff in error.

*F. G. Hobson,* for defendant in error.—This appeal cannot be sustained, as none of the assignments of error are properly before the court. The first assignment of error is: the court erred in overruling the motion of the defendant below for a nonsuit. Such refusal is not the subject of review by this court. Girard v. Gettig, 2 Binn. 234; Ballentine v. White, 77 Pa. 20.

The second and third specifications of error relate to the entry of judgment by the court below on the point reserved. But the record shows that the plaintiff in error took no exception to this action of the court.

In Merkel v. Berks County, 81* Pa. 505, this court says: "If there were an error committed in the entry of judgment by the court below, it could not be corrected upon the record before us, which shows no exception taken at the time of entry of this judgment on the reserved question. This is necessary." See also Northumberland County Bank v. Eyer, 60 Pa. 436; Act of March 28, 1835, P. L. 90.

PER CURIAM:

There being no exception to the judgment on the reserved point, in this case, the assignments of error cannot be sustained.

Judgment affirmed.